IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARLAND PROCTOR,

        Petitioner,               No. CIV S-07-0377 JAM DAD P

    vs.

B. CURRY, Warden,

        Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

1    Moreover, the Ninth Circuit has held that a district court may dismiss sua sponte a

2    habeas petition on the grounds that it is untimely under the statute of limitations so long as the

3    court provides the petitioner adequate notice of its intent to dismiss and an opportunity to

4    respond.  See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).  These findings and

5    recommendations are intended to notify petitioner of the court's intention to dismiss the instant

6    petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act

7    ("AEDPA").  If petitioner desires to respond and demonstrate to the court that he has filed this

8    action within the applicable statute of limitations or is eligible for statutory or equitable tolling of

9    the limitations period, he may do so by filing objections to these findings and recommendations.

## BACKGROUND

11    On February 26, 2007, petitioner commenced this action by filing a petition for

12    writ of habeas corpus.  Therein, petitioner challenges a judgement of conviction entered against

13    him in the Sacramento County Superior Court for violation of the Sex Offender Registration Act.

14    Petitioner is currently serving a sentence of twenty-five years to life in state prison.  (Pet. at 2.)

15    On December 2, 2005, petitioner filed a petition for writ of habeas corpus also

16    challenging his conviction for violating the Sex Offender Registration Act.  See Case No. CIV S-

17    05-2431 MCE DAD P.[1]  In that previously-filed habeas action, respondent moved to dismiss the

18    petition as untimely.  Petitioner did not oppose the motion.  The undersigned issued findings and

19    recommendations in the case, recommending dismissal of the action as time-barred.  Specifically,

20    the court found that petitioner's conviction became final on March 24, 1998, and the AEDPA

21    statute of limitations began running the following day on March 25, 1998, until it expired one

22    year later on March 24, 1999.  The court further found that petitioner was not entitled to statutory

23    tolling because he did not appeal his conviction and did not file his first state post-conviction

24    challenge until April 5, 2000, well after the statute of limitations had expired.  While the findings

25

26    [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803
F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

and recommendations were pending, petitioner filed a motion to voluntarily dismiss the action due to his medical condition, lack of legal assistance, and inability to file a "reply to respondent's motion[.]" On September 21, 2007, the court granted petitioner's motion to dismiss the action without prejudice.[2]

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] Shortly after petitioner filed his voluntary dismissal in Case No. CIV S-05-2431 MCE DAD P, the undersigned issued an order in this case requiring petitioner to file a declaration informing the court whether he wished to pursue this action or voluntarily dismiss it as well. Petitioner filed a timely declaration stating that he wished to proceed with this action.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of §§ 2244(d)(1)(A) & (d)(2)

As was the case in Case No. CIV S-05-2431 MCE DAD P, in this case the court finds that petitioner's conviction became final on March 24, 1998, and the AEDPA statute of limitations began running the following day on March 25, 1998, until it expired one year later on March 24, 1999. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, petitioner is not entitled to statutory tolling because he did not appeal his conviction and did not file his first state post-conviction challenge until after the statute of limitations had expired. See Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Accordingly, the court concludes that the petition filed in this action is time-barred and should be dismissed.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be dismissed as barred by the statute of limitations; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
proc0377.156