1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARLAND PROCTOR,

11          Petitioner,                        No. CIV S-07-0377 JAM DAD P

12      vs.

13   B. CURRY, Warden,

14          Respondent.                     FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On April 7, 2009, the undersigned ordered respondent to

18   file and serve a response to the petition.  On June 5, 2009, respondent filed the pending motion to

19   dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and

20   Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the

21   motion.

22                                    **BACKGROUND**

23          On December 17, 1997, a Sacramento County Superior Court jury convicted

24   petitioner of failing to register as a sex offender and failing to provide notice of a change of

25   address as required under state law.  The trial court sentenced petitioner to an indeterminate term

26   /////

1   of twenty-five years to life in state prison.  Petitioner did not appeal his conviction.  (Pet. at 2;

2   Resp't's Lodged Doc. 1.)

3                Petitioner subsequently filed eight petitions for post-conviction relief in the

4   California courts.  In this regard, on April 3, 2000, he filed a petition for writ of habeas corpus in

5   the California Court of Appeal for the Third Appellate District which was denied on April 13,

6   2000.  On August 16, 2005, petitioner filed a petition for writ of mandate/prohibition in the

7   California Court of Appeal for the Third Appellate District which was denied on August 25,

8   2005.  On September 1, 2005, petitioner filed a petition for writ of mandate/prohibition in the

9   California Supreme Court.  On September 9, 2005, the California Supreme Court transferred that

10  petition to the California Court of Appeal, and on September 15, 2005, the Court of Appeal

11  denied the petition.  On September 23, 2005, petitioner filed a petition for writ of

12  mandate/prohibition in the California Supreme Court which was denied on November 16, 2005.

13  On February 2, 2006, petitioner filed a petition for writ of habeas corpus in the Sacramento

14  County Superior Court which was denied on March 27, 2006.  On or about April 21, 2006,

15  petitioner filed another petition for writ of habeas corpus in the California Court of Appeal which

16  was denied on April 27, 2006.  On or about May 9, 2006, petitioner filed a petition for writ of

17  habeas corpus in the California Supreme Court which was denied on December 20, 2006.

18  Finally, on June 6, 2006, petitioner filed yet another petition for writ of habeas corpus in the

19  Sacramento County Superior Court which was denied on July 17, 2006.[1]  (Resp't's Lodged Docs.

20  2-18.)

21  /////

22

23        [1] Petitioner did not date some of his petitions for post-conviction relief filed in state court.
    Moreover, in submitting copies of those state petitions to this court petitioner did not include proofs
24  of service which would indicate the specific date when they were filed in the state courts.  Where
    those petitions are concerned, this court did not list petitioner's filing dates based on the mailbox rule
25  but instead has listed the dates of filing above based on the dates the courts in question actually
    received the petitions for filing.  However, under the facts of this case the few number of days that
26  may be at issue in this regard is of no consequence to the resolution of the pending motion.

1          On February 7, 2007, petitioner commenced this action by filing a federal petition

2   for writ of habeas corpus.

3                              **PROCEDURAL HISTORY**

4          On March 12, 2009, this court issued findings and recommendations,

5   recommending dismissal of this action as having been untimely filed.  See Rule 4, Rules

6   Governing Section 2254 Cases.  Specifically, the court found that on December 2, 2005,

7   petitioner had filed a federal petition for writ of habeas corpus in this court challenging the same

8   conviction he now seeks to challenge in these proceedings.  See Case No. CIV S-05-2431 MCE

9   DAD P.[2]  In that previously-filed habeas action, respondent moved to dismiss the petition as

10  untimely.  Petitioner did not oppose the motion.  The undersigned issued findings and

11  recommendations in that case, recommending dismissal of the action as time-barred.  In so doing,

12  the court found that petitioner's conviction became final on March 24, 1998, and the AEDPA

13  statute of limitations began running the following day on March 25, 1998, until it expired one

14  year later on March 24, 1999.  The court further found that petitioner was not entitled to statutory

15  tolling because he did not appeal his conviction and did not file his first state post-conviction

16  challenge to the conviction until April 2000, well after the statute of limitations for the filing of a

17  federal petition had expired.  While those findings and recommendations were pending,

18  petitioner filed a motion to voluntarily dismiss the prior habeas action due to his medical

19  condition, lack of legal assistance, and inability to file a "reply to respondent's motion[.]"  On

20  September 21, 2007, the court granted petitioner's motion to dismiss that habeas action without

21  prejudice.[3]

22

23          [2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803
    F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
24

25          [3] Shortly after petitioner filed his voluntary dismissal in Case No. CIV S-05-2431 MCE
    DAD P, the undersigned issued an order in this case requiring petitioner to file a declaration
    informing the court whether he wished to pursue this action or voluntarily dismiss it as well.
26  Petitioner filed a timely declaration stating that he wished to proceed with this action.

1    In this action, in response to this court's March 12, 2009 findings and

2  recommendations recommending dismissal of this action as untimely, petitioner filed objections

3  and claimed that he was entitled to equitable tolling based on his ongoing mental health

4  condition.  He also submitted copies of various medical records in support of his argument in that

5  regard.  The court did not address the merits of petitioner's claimed entitlement to equitable

6  tolling of the statute of limitations at that time but instead, good cause appearing, the court

7  vacated its findings and recommendations and directed respondent to file a response to

8  petitioner's application for a writ of habeas corpus.  As noted above, respondent filed the pending

9  motion to dismiss which petitioner has opposed.

10                    **RESPONDENT'S MOTION TO DISMISS**

11  I.  Respondent's Motion

12    Respondent has filed a motion to dismiss arguing that petitioner's federal habeas

13  petition in this case is time-barred.  Specifically, respondent argues that on January 23, 1998, the

14  trial court sentenced petitioner to twenty-five years to life in state prison, causing his judgment of

15  conviction to become "final" on March 24, 1998, after the sixty-day period for filing a direct

16  appeal with the California Court of Appeal expired.  Respondent argues that the one-year statute

17  of limitations for filing a federal habeas petition began to run the following day, on March 25,

18  1998, and expired one year later on March 24, 1999.  (Resp't's Mot. to Dismiss at 4.)

19    Respondent acknowledges that the proper filing of a state post-conviction

20  application challenging a judgment of conviction tolls the one-year statute of limitations period.

21  Here, however, respondent notes that petitioner filed each of his eight petitions for post-

22  conviction relief in state court after the statute of limitations for the filing of a federal petition

23  had expired.  Respondent argues that petitioner's filings in state court after the federal limitations

24  period had expired do not restart the clock at zero or otherwise save petitioner's claims from

25  being time-barred.  Moreover, respondent argues that the petitions submitted in state court were

26  not properly filed, and the petitions for writ of mandate/prohibition did not directly attack

4

1  petitioner's conviction.  For these reasons, respondent contends that petitioner's various

2  applications for post-conviction relief filed in state court cannot serve to toll the AEDPA statute

3  of limitations.  (Resp't's Mot. to Dismiss at 4-5.)

4  II.  Petitioner's Opposition

5          In opposition to respondent's motion to dismiss, petitioner has filed a one-page

6  document in which he states "Petitioner prays that this court allows his writ to go forward as the

7  court found issue with petitioner's mental problems."[4]  (Pet'r's Opp'n to Resp't's Mot. to

8  Dismiss at 1.)

9                                    **ANALYSIS**

10  I.  The AEDPA Statute of Limitations

11          On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

12  by adding the following provision:

13          (d)(1)  A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
14          judgment of a State court.  The limitation period shall run from the
            latest of –
15
16          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for
17          seeking such review;

18          (B) the date on which the impediment to filing an
            application created by State action in violation of the Constitution
19          or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;

20          (C) the date on which the constitutional right asserted was
            initially recognized by the Supreme Court, if the right has been
21          newly recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or
22
23          (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
            of due diligence.
24

25  _____

        [4]  Presumably, petitioner is referencing this court's previous order   acknowledging
26  petitioner's claim of entitlement to equitable tolling based on his mental health condition.

1

2

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4  The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

5  after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy,

6  521 U.S. 320, 322-23 (1997).

7  II.  Application of § 2244(d)(1)(A)

8          On December 17, 1997, a Sacramento County Superior Court jury convicted

9  petitioner of failing to register as a sex offender and failing to provide a change of address as

10  required under state law.  The trial court sentenced petitioner to an indeterminate term of twenty-

11  five years to life in state prison.  Petitioner did not appeal his conviction.

12          For purposes of federal habeas review, that conviction became final on March 24,

13  1998, after the sixty-day period for filing a direct appeal with the California Court of Appeal

14  expired.  See Cal. Rules of Court 8.308 (formerly Rule 30.1).  The AEDPA statute of limitations

15  period began to run the following day, on March 25, 1998, and expired one year later on March

16  24, 1999.  Petitioner did not file his federal habeas petition in this court until February 7, 2007.

17  Accordingly, that petition for writ of habeas corpus is untimely unless petitioner is entitled to the

18  benefit of tolling.

19  III.  Application of § 2244(d)(2)

20          "The time during which a properly filed application for State post-conviction or

21  other collateral review with respect to the pertinent judgment or claim is pending shall not be

22  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

23  limitations is not tolled during the interval between the date on which a judgment becomes final

24  and the date on which the petitioner files his first state collateral challenge because there is no

25  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

26  commences state collateral proceedings, a state habeas petition is "pending" during a full round

1   of review in the state courts, including the time between a lower court decision and the filing of a

2   new petition in a higher court, as long as the intervals between the filing of those petitions are

3   "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

4   In this case, petitioner filed eight petitions for post-conviction relief in state court.

5   However, petitioner did not file his first such petition until April 3, 2000, long after the AEDPA

6   statute of limitations had expired.  It is well established that "section 2244(d) does not permit the

7   reinitiation of the limitations period that has ended before the state petition was filed."  Fergusen

8   v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, by the time petitioner filed his

9   federal petition on February 7, 2007, more than one year had run on the AEDPA statute of

10  limitations, rendering his federal habeas petition time-barred.

11  IV.  Equitable Tolling

12  The United States Supreme Court has held that, "a litigant seeking equitable

13  tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

14  diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

15  544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming

16  without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that

17  "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might

18  otherwise prevent a good faith litigant from having a day in court."  Harris v. Carter, 515 F.3d

19  1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations

20  will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002);

21  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking

22  equitable tolling must show that the extraordinary circumstances alleged were the "but for" and

23  proximate cause of the untimely filing of his federal petition.  Bryant v. Ariz. Atty. Gen., 499

24  F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

25  Here, even assuming petitioner has been pursuing his rights diligently, he has not

26  demonstrated that some extraordinary circumstance stood in his way of timely filing his federal

7

1   petition.  As noted above, petitioner previously submitted to the court copies of some of his

2   medical records.  (Pet'r's Mar. 27, 2009 Filing.)  Those records indicate that petitioner suffers

3   from some kind of mental disorder and at various times has been prescribed medication to treat

4   that condition.  In fact, in 1996, two clinical psychologists appeared to question petitioner's

5   competency to stand trial.  To be sure, under some circumstances a mental illness can represent

6   an extraordinary circumstance justifying equitable tolling of the AEDPA statute of limitations.

7   See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); Calderon v. United States District

8   Court (Kelly), 163 F.3d 530, 541 (9th Cir 1998) (en banc) (A "putative habeas petitioner's

9   mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond

10  the prisoner's control," so "mental incompetency justifies equitable tolling.").  But in this case,

11  petitioner has not explained what specific dates he suffered from his mental illness or adequately

12  explained how his mental illness interfered with his ability to timely file his habeas petition in

13  this court.  For example, most of the medical records petitioner has submitted to the court are

14  from the early to mid-1990's, well before the AEDPA statute of limitations began to run with

15  respect to this action.  Only two of the medical records submitted by petitioner, a copy of a

16  signed informed consent statement for Zoloft and a copy of petitioner's request to take Zoloft at

17  night instead of in the morning, are dated in 1998.  Also, although petitioner contends in

18  conclusory fashion that he continues to be given medication, he has not specified what

19  medication he was taking on or around March 25, 1998, through March 24, 1999, what side

20  effects he suffered as a result, or what limitations on functioning, if any, he experienced.

21  Moreover, between April 3, 2000 and June 6, 2006, petitioner was able to file a total of eight

22  petitions seeking relief with the California courts, including three petitions filed with the

23  California Supreme Court.  In light of this record, this court cannot conclude based on

24  petitioner's limited showing that his mental illness and any medications prescribed to him as a

25  result rendered him incapable of timely filing his federal petition.  See Gaston v. Palmer, 417

26  F.3d 1030, 1034-35 (9th Cir. 2005) (upholding a finding that equitable tolling was inapplicable

1  where prisoner failed to show causal connection between physical and mental disabilities and

2  inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006);

3  Weisner v. Evans, No. C 07-5509 SI (pr), 2009 WL 3353452, *3 (N.D. Cal. Oct. 19, 2009)

4  (concluding that the petitioner, who suffered from mental illness, had not shown that his mental

5  illness or medication taken therefor prevented a timely filing of his federal petition); Tibbs v.

6  Adams, No. Civ. S-05-2334 LKK KJM P, 2009 WL 3165390, *3-6 (E.D. Cal. Sept. 29, 2009)

7  (rejecting a claim of entitlement to equitable tolling based on mental illness under the facts of

8  that case and recommending dismissal of the petition as time-barred).   Accordingly, the court

9  concludes that petitioner is not entitled to equitable tolling.

10         For the reasons discussed above, respondent's motion to dismiss should be

11 granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with

12 prejudice.

**CONCLUSION**

13

14         IT IS HEREBY RECOMMENDED that:

15         1.  Respondent's June 5, 2009 motion to dismiss (Doc. No. 21) be granted; and

16         2.  This action be closed.

17         These findings and recommendations are submitted to the United States District

18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19 days after being served with these findings and recommendations, any party may file written

20 objections with the court and serve a copy on all parties.  Such a document should be captioned

21 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22 shall be served and filed within ten days after service of the objections.  The parties are advised

23 /////

24 /////

25 /////

26 /////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: October 30, 2009.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    proc0377.157

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26